IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

JARROD D. MAJORS,          )
                           )
        Plaintiff,         )    No. C 11-89
                           )
vs.                        )    ORDER
                           )
JOHN BALDWIN, et al.,      )
                           )
        Defendants.        )

This matter is before the court on defendant Lorena Schulte's resisted Motion for Summary Judgment, filed July 12, 2012. The briefing schedule concluded on August 13, 2012. Granted.

On August 31, 2011, the court dismissed this action. On March 8, 2012, the 8th Circuit Court of Appeals affirmed this court's dismissal of all named defendants, and remanded for further consideration of claims of negligent maintenance of stairs on which plaintiff fell, and deliberate indifference to his resulting serious medical needs, to wit, withholding prescribed pain medication and not providing adequate post-operative treatment, as against unnamed defendants.

On May 7, 2012, plaintiff filed an Amended Complaint against defendant Anamosa State Penitentiary (ASP) nurse Lorena Schulte and other unknown ASP nurses, claiming that they denied, hindered, or stopped medical treatment that had been prescribed plaintiff by treating physicians, in violation of 42 USC §1983. Plaintiff

alleges that he slipped on wet steps at the ASP on July 4, 2009, that treating physicians prescribed Percocet to treat his pain while awaiting surgery two days later, and that defendants denied him this medication. Plaintiff asserts surgeries were performed to address his injuries on July 7, 2009, and January 15, 2010, with Percocet again prescribed for his pain, and the medication was again denied by defendants. Plaintiff urges he was supplied with Tylenol or Motrin instead of Percocet, and neither substitute was effective in treating his pain, demonstrating deliberate indifference to serious medical needs. He further urges that treating physicians prescribed crutches for his use, but his request for crutches was denied by defendants, again demonstrating deliberate indifference to serious medical needs.

Plaintiff also raises a state law negligence claim, asserting defendants failed to provide prescribed medications, crutches, and ongoing treatment and rehabilitation for his injuries, and were therefore negligent in their duty to provide medical care, resulting in ongoing pain and suffering.

Defendant Schulte seeks summary judgment, asserting that plaintiff failed to properly exhaust administrative remedies prior to filing this action as required by 42 USC §1997e(a), as amended by the Prison Litigation Reform Act of 1996 (PLRA). See King v. Iowa Department of Corrections, 598 F3d 1051, 1052 (8th Cir. 2010) (discussing grievance process available in the Iowa prison system, and PLRA exhaustion requirements). In support, Schulte asserts that while plaintiff filed a grievance

concerning the accident of July 4, 2009, the grievance concerned only the accident, and not medical care following the accident. Defendant asserts that the grievance was not processed, as plaintiff did not complete informal resolution thereof. Additionally, she asserts that plaintiff's state law negligence claims based upon supplemental jurisdiction should be rejected.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

It appears undisputed that there exists a grievance process available at the ASP identical to that discussed in King, supra. While plaintiff attempted to file a grievance with regard to the accident, his grievance concerned only the accident and the condition of the steps. Specifically, he therein asserted that he slipped on wet steps and was injured, that he should be compensated because of this claimed negligence, that warning signs should be posted when the stairs were wet, and new grippers placed on the steps for better traction when wet. It is undisputed that plaintiff not did not grieve

3

or attempt to grieve any matters pertaining to medical care following the accident. See docket #23, defendant's brief at p. 4, defendant's Statement of Undisputed Facts, para. 14, defendant's Appendix, Ex. E. Accordingly, plaintiff has not exhausted administrative remedies.

Upon the foregoing, defendant Schulte is entitled to summary judgment on plaintiff's federal claims in light of plaintiff's failure to exhaust administrative remedies. Defendant urges that on dismissal of plaintiff's federal claim, the court should decline to exercise supplemental jurisdiction over his remaining state law claim. Plaintiff has not resisted this portion of defendant's motion, and therefore defendant's motion to decline supplemental jurisdiction of the remaining state law claim as against her shall be granted as unresisted. LR 7.f.

It is therefore

ORDERED

Granted.

January 30, 2013.

_Edward J. McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT